The first case for argument is USA v. Vargas, 19-1586. Mr. Nooter, you've reserved two minutes. Please proceed. Thank you very much, Judge Cabranes, and good afternoon, Your Honors. May it please the Court, my name is Daniel Nooter. I represent the defendant appellant, David Vargas, and I'd like to frame the issue on appeal by directing the Court's attention to a key exchange in the sentencing minutes on page 93 of the appendix, lines 15-17. In the context of this exchange, my – again, it's page 93, lines 15-17. The context is that my client in his sentencing – pre-sentencing submission had submitted this fantastic letter from the Associate Warren at MCC, not only describing my client's excellent contributions in terms of his work performance, but also his efforts in rehabilitating and serving as a mentor to other inmates at the facility. And the judge's response, as you see, the sentencing court's response, is to inquire, should I worry – I'm quoting here – should I worry that Mr. Vargas is cozying up to yet another person in the facility that might be able to provide some benefits to him? And the reason I want to highlight this is because there isn't a lot of difference between the government and myself or Mr. Vargas on the legal questions in this case, but there's a significant difference factually about whether or not it seems likely that the district court in sentencing my client was under the mistaken impression that my client was a corrupting influence on the prison guard Miranda. And again, the key lines that the district court herself identified in specifically explaining why she was giving a sentence higher than the low end of the guidelines and higher even than probation recommended, she explained that the one thing the guidelines does not take into consideration is the bribery and corruption of an MDC prison guard, that's Miranda, that was instrumental in making this particular drug conspiracy succeed. Whereas we know, and I think it's undisputed in the record, that my client did not, could not have corrupted Miranda because Miranda was the mastermind of this entire conspiracy. For months, he had been the person to initiate it. He had been doing it for months before my client was even at the prison. And worse than that, he was using his influence as a prison guard to engage in heinous and reprehensible acts against the female inmates at the facility, forcing them to commit crimes. And yet, when you see that previous statement about the letter from the MCC associate warden, should I worry that Mr. Vargas is cozying up to yet another person at the facility who might be able to provide the benefits to him, I think it makes it clear that at least in the judge's mind, that afternoon at sentencing, the judge was under a false impression about the relevant facts and relevant chronology that Mr. Vargas' trial attorney failed to correct. Now, the government has presented an alternative interpretation of what the district court meant when it spoke about the corruption of an MDC guard, again, that being Moranta. And in the government's view, corruption here is simply just another word for bribery, that bribery was part of the scheme. And when the district court was referring to the bribery and corruption, she really just meant bribery, and I guess, more bribery. It's not entirely clear, but I would suggest that in the full context, it's not a plausible interpretation of what the district court was saying and thinking, and especially again, situated by that previous statement regarding her very concern that my client is a corrupting influence on these guards at the facility. But well, can I ask just as a matter of the meaning of the words, so if somebody bribes a public official, and then I come along later and bribe the same public official, would it not be accurate to say that I was engaging in the corruption of a public official? Or you think it's a binary thing, and once an official is corrupt, they're always corrupt, and somebody who comes along and engages in that kind of conduct later can't possibly be engaged in the corruption of a public official. I think it's very fact-specific, but I think in this case, that's different. It's not one person has bribed the official, and then someone else has bribed the official. This is a situation in which Moranta was the person who came up with the whole idea in the first place. In a lot of ways, it isn't even really what one ordinarily thinks of a typical bribery situation. Moranta approached Arias and said, I've got this idea about how we can bubble this stuff in, and I'll keep some of the profits, is essentially how it goes. So I think it isn't even really... So then is your position that it would have been inaccurate for the district court even to say that she was taking into account the bribery of the prison guard, because you're saying the No, that's not what I'm saying, Your Honor. I'm saying that if it appeared as though the court were saying something closer to what the government suggests, then there might not be an issue. But I think both grammatically and in the broader context, the way that the court said what it said suggests that... But you're saying that it's appropriate for the district court to take into consideration the circumstance of the bribery of the prison guard, right? Bribery would be okay. And if that was all that was in that statement, you wouldn't have an objection. Is that right? I would say that the court could certainly consider all the surrounding facts and circumstances. And if those include bribery... Okay. So even if the prison guard was very open to accepting bribes or even soliciting the bribes, it's still accurate to say that the defendant participated in the bribery of a prison guard, right? Well, except it's not what the judge said. The judge said, and I'm quoting here from page 114, lines 15 through 18, is the bribery and corruption of an MDC prison guard. And I think that's why... Well, I understand. But if you're saying it's okay for the district court to take into consideration the bribery, isn't the reason why we prohibit bribery of officials like prison guards because we think that that is corrupting? And so even if the prison guard was already very corrupt, isn't it still accurate to say that somebody who engages in further bribery of a prison guard is engaging in corruption? Well, again, you're... Just a matter of the meaning of the words. Why isn't that the way somebody would talk about it? Well, because again, I don't think that that is what the district court is saying. I think what you are saying is something that a district court could do, but I disagree that that is what this district court, in fact, did. And I think the reason is, again, when you look at the grammatical way that it's set up. And I think if you look at page four of the reply brief where I have the quote from Miriam Webster there, and you see in B, C, and D, the way that grammatically when you talk about the corruption of something, not that someone was corrupt, which is, I think, what you're asking, or even if they're... Hold on, but that's what I was focusing on with my earlier question about whether corruption is just an on and off thing. But I think you acknowledged that even if a public official is corrupt, if somebody comes along later to bribe somebody who's already accepted bribes, you could still say that that person was engaging in the corruption of a government official. No. Well, I don't think I was saying that. What I think I was saying... Yeah. Well, again, I think when you look at the definition here, when you talk about... Right, right. So the definition, I mean, even accepting your definition to ignore 1A and to focus on 1B, inducement to wrong by improper or unlawful means, whenever you bribe an official to do something, you're inducing them to do something wrong through that bribery, like your client was bribing the prison guard to do some further act that he hadn't yet done, even though it may be the case that he was already a pretty corrupt guy and would have done other things. Well, again, I would disagree. I think when a drug dealer sells drugs to someone who's already using drugs, they're not inducing the drug user to use drugs. They are facilitating, in certain ways, the situation. But you wouldn't say they're inducing. You certainly wouldn't say they're corrupting. We're not talking about a criminal count. We're just talking about whether the language that the district court used indicates that they misunderstood something. But you're saying it wouldn't make any sense or it would be irrational when, say, a drug dealer is selling drugs to a drug user to say you're engaging in the corruption of that person or you're harming that person by selling them drugs. Because if the drug purchaser is doing it voluntarily, you're saying, well, they're already corrupt and the drug dealer is just giving them what they would already want. And so it's inaccurate to say that you're engaging in something corrupting or malign. Is that your argument? Well, again, it's not quite what I'm saying. I think what I'm saying is that when you look in the context, particularly of the other things that the court is stating, first about the cozying up to yet another person in order to try to get something, also in terms of describing Arias and my client as the organizers of this conspiracy that's on page 102 of the appendix, when clearly it was Maranta and Arias, not my client and Arias, who were the organizers. I think all of these are at least enough to suggest a strong ambiguity. And I don't think, and that's why I would say that a Jacobson remand is appropriate if the court does not agree outright. If you have these questions, I think the appropriate thing is that maybe I'm wrong. Maybe what you are saying is what the court had in mind. But in that case, there is this ambiguity. And rather than us guess at it, then a Jacobson remand is the procedure that we have in place to deal with that and to resolve the ambiguity. Thanks very much, Mr. Nutter. Okay. Thank you. We'll hear from Ms. Shihata. Thank you. Good afternoon and may it please the court. My name is Nadia Shihata and I'm an assistant United States attorney in the Eastern District of New York. The government respectfully submits that this court should reject Vargas' ineffective assistance of counsel claim and affirm the judgment in this case. Vargas cannot show that his counsel's representation at sentencing fell below an objective standard of reasonableness under prevailing professional norms or affirmatively proved prejudice. His argument consists of taking an oral comment by the district court, analyzing it devoid of all surrounding context and as if it were a carefully crafted written statute and reaching a false conclusion that the district court rendered its decision or its sentence based on a factual error regarding the chronology of the case. That is simply false and belied by the record. A full review of the record makes clear that the case sits within guideline sentence on multiple factors, including Vargas' lengthy criminal history and the failure of prior sentences to deter him from criminal conduct, the particular seriousness and consequences of engaging in a narcotics and contraband conspiracy inside a federal prison, Vargas' recruitment of co-defendant Alicia Alonzo into the conspiracy, a woman who previously had no criminal record, the sophisticated planning and coordination necessary for the and the use of bribery of a correctional officer to effectuate the object of the conspiracy. The district court did not purview Muranta's pattern of corruption and abuse to Vargas. There is no suggestion that the district court believed Vargas triggered Muranta's criminal activity or held him responsible for doing so. Vargas focuses on one phrase, corruption of an MDC prison guard, and claims it is ambiguous, but it is not. We don't have to guess what the district court meant by its use of the word corruption because the district court explained how it was using the term earlier in the sentencing proceeding. By corruption, the district court simply meant that the conspiracy involved the payment of bribes to a prison guard. Here's what the district court said just a page earlier in the sentencing transcript, quote, but what really troubles me about this is the corruption end of this. This was all done because you and your co-conspirators paid bribes to Muranta to bring this stuff in, and that is something that sets this drug conspiracy apart from all of the others and from the typical conspiracy, unquote. That's an appendix page. This court need not turn to any dictionary definitions when the sentencing record makes clear what the district court meant. However, even if one were to turn to the district court definition, definition 1A from Vargas's reply brief is what applies here, not a suggestion that Vargas turned Muranta from good to bad. That definition defines corruption as dishonest or illegal behavior, especially by powerful people, such as government officials or police officers, depravity. Muranta was a government official, and he did engage in dishonest and illegal behavior. There's no question that the conspiracy involved corruption by Muranta, and that that was part of what differentiated it from a regular narcotics conspiracy along with the fact that it occurred inside a federal prison. Well, it's corruption by Muranta, but it's not corruption of Muranta by Vargas, right? I think the continued payment of... I agree with what your honor said earlier in that the continued payment of bribes is the continued corruption of the prison card. He could be a horrible person susceptible to bribery and even have engaged in bribery in the past. That doesn't mean that the continued payment of bribes is not the continued corruption of Muranta. But more importantly, I think it's clear... But isn't there a suggestion? I mean, even in the passage you just read, this was all done because you and your co-conspirators paid bribes to Muranta to bring this stuff in, and that is something that sets this drug conspiracy apart from all the others. Isn't that suggesting that you were the moving force and you pulled Muranta in, and then it's corruption in the sense of turning him to do something he wouldn't otherwise do? Isn't that sort of the natural reading of their passage? Respectfully, your honor, I disagree because it's clear that the district court was aware of the chronology in the case. It was set forth clearly in the PSR. It was set forth clearly in the defense counsel's sentencing letter. And then it was stated again during defense counsel's oral argument. In addition, the court had already sentenced Muranta to a significantly above guideline sentence seven months earlier, was fully aware of his culpability and involvement in the scheme and in other criminal conduct. And based on that record, I think it's reading too much into the extemporaneous oral comments of the district court to say that she meant that Mr. Vargas had triggered this and turned Mr. Muranta into a career criminal when the district court, as the record shows, was clearly aware of the chronology in this case. Unless the court has any further questions, I would rest on my tickers. Thank you, Mr. Nooter. You've reserved two minutes. But thank you again, Judge Cabranes. I just want to respond very quickly to a few points that my friend for the government said. So my friend for the government tried to suggest these were merely extemporaneous oral comments by the district judge. But they were the oral comments that the district judge specifically explained that she was basing the sentence on. Now, of course, all sentences are and says, this is why I'm giving a sentence nine months higher than the low end. We have to assume that these are just throwaway comments, that they mean what the sentencing judge means. And of course, if there is a question or an ambiguity, it needs to be brought up and responded to. Now, I believe it was Judge Menashe, it's hard to know on the phone, who was asking, but the question of corruption by versus corruption of in these definitions, 1A is not transitive as 1B, C, and D are. 1A is simply the noun, it's referring to the act. When we talk about the corruption of Maranta by someone else, we are talking about a transitive action, which is why 1A doesn't make sense grammatically. In this case, you can't just choose, the government can't just choose that they want 1A, it has to work in a grammatical sense, which it doesn't. B, C, and D are the ones that talk about the corruption of something else, as shown in each of the examples that Miriam Webster gives. And finally, just to conclude, the government began by suggesting that I was trying to take some sentence out of all context, which is what the government said. But to the contrary, from the beginning, I've been trying to contextualize this, as you know, as I did at the beginning of this argument, by pointing to the previous comments in the sentencing minutes that demonstrate that the court was concerned about Vargas as a corrupting influence on others. Well, counsel, what about the previous comments in the previous sentencing of Maranta that indicates the district court knew the chronology? Well, again, I'm not saying that the court never knew the chronology, but I think that was months earlier. I mean, the issue is everyone can make a mistake. No one blames the district court for that. But when it appears at least likely, at least significantly, plausibly questionable that the district court has a wrong impression on this, why doesn't the counsel speak up? And in fact, even the government, frankly, doesn't need to be sitting on their hands. They could be saying something simply to resolve the ambiguity and make the record clear as well, and then we wouldn't be here. I mean, either party could do it. Obviously, the government doesn't owe the Sixth Amendment duty to the client, but anyone could be saying these things to clarify the record. And when that record isn't clarified, and we end up with this at least ambiguous situation, then, you know, as I say, at least a Jacobson remand would be proper to be applied. So do you have any further questions? Otherwise, I would ask you to either send it back for full resentencing, or at least the Jacobson remand on this point. Thanks, Mr. Noodle. We'll reserve decision in USA versus Vargas.